IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                No. CR-02-376 MV

ANTONIO ARTURO RUEDAS, JR.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendant Antonio Arturo Ruedas, Jr.'s Motion to Suppress Evidence **[Doc. No. 23]** and Brief in support thereof **[Doc. No. 24]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

    On February 15, 2002, Defendant was stopped by Drug Enforcement Administration Special Agent Jarrel Perry at the Golden State Bus station in Albuquerque, New Mexico. Agent Perry had observed Defendant, who was carrying a backpack, exit a bus that had arrived from El Paso, Texas. Upon entering the bus terminal, Defendant walked into a restroom. When Defendant emerged, Agent Perry approached him and identified himself as law enforcement who investigated drug trafficking activity. Agent Perry asked Defendant for permission to speak with him, and Defendant agreed. The two men walked over to a table, about twenty paces from where they were standing outside the restroom, and Agent Perry proceeded to ask Defendant several questions. Perry then asked if he could look in Defendant's backpack. Defendant consented and, upon searching the bag, Agent Perry found .6 kilograms of cocaine. At that time, Defendant was

placed under arrest and advised of his *Miranda* rights.  Defendant stated that he understood those rights and proceeded to make self-incriminating statements.

At a hearing on the motion, Defendant argued that he was unlawfully seized during this encounter and that, therefore, the cocaine and his statements must be suppressed.  Specifically, Defendant alleged that Agent Perry had "gently grabbed" Defendant by the arm and had led him over to the table before questioning him.  With this physical contact, Defendant claims that the encounter was rendered nonconsensual and that the discovery of drugs in his backpack was the direct result of this unconstitutional seizure of his person.  However, the Court finds that, in light of the facts and testimony presented, Defendant's constitutional rights were not violated.

Upon an examination of the facts surrounding the encounter between Agent Perry and Defendant Ruedas, the Court is persuaded that the encounter was consensual until the time of the arrest.  The parties agree that Agent Perry was not dressed in any uniform and that he was not carrying any visible weapons when he approached Defendant.  The parties also agree that Agent Perry did not draw any weapons during the interaction and that the entire exchange occurred in a public portion of the bus terminal, lasting only a few minutes.  The parties disagree, however, as to whether Defendant was physically led over to the table by Agent Perry.  Although Defendant claimed that Agent Perry held him by the arm and directed him over to the table before questioning him, at the motion hearing, Perry denied having made any physical contact with Defendant.  Evaluations of witness credibility, the weight to be given to evidence, and any inferences to be drawn from the evidence are determinations within the sound discretion of the district court.  *See, e.g., United States v. Elliott*, 107 F.3d 810, 813 (10th Cir. 1997); *United States v. Hernandez*, 93 F.3d 1493, 1498 (10th Cir. 1996).  On direct examination, Defendant

stated that Agent Perry held his arm "up until" they reached the table. However, on cross-examination, Defendant stated that the agent released him a few steps short of the table. Based on this discrepancy, as well as the Court's observation of the witness's demeanor and testimony as a whole, the Court finds Agent Perry's account to be more credible.

As Defendant presented no other argument in support of his claim of unlawful seizure, the Court concludes that the encounter was entirely consensual since no coercion -- physical or otherwise – was exhibited by Agent Perry. The evidence seized from Defendant's backpack and the statements offered by Defendant upon discovery of the drugs were thus obtained through a lawful, voluntary encounter.

**IT IS THEREFORE ORDERED** that Defendant Antonio Arturo Ruedas, Jr.'s Motion to Suppress Evidence **[Doc. No. 23 & 24]** is hereby **DENIED**.

Dated this 10th day of July, 2003.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiff:
Rhonda P. Backinoff

Attorney for Defendant:
Robert J. Gorence
David Escobar